UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF:<br><br>ANTICIPATORY SEARCH WARRANT AND INSTALLATION OF TRACKING DEVICE | Case No. 3:22-MJ-897 (RAR)<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR
### ANTICIPATORY SEARCH WARRANT AND TRACKING DEVICE

I, Ryan D. Martin, being duly sworn, depose and state:

### INTRODUCTION AND AGENT BACKGROUND

1.     I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Titles 8, 18, 19, and 21 of the United States Code.  I have held the position of Special Agent with HSI since December 2020. I completed the three-month Criminal Investigator Training Program and the three-month HSI Special Agent Training courses.  As part of that curriculum, I received training in the practices of illegal narcotics smuggling, and I am familiar with techniques used by criminals to avoid law enforcement detection.  I have participated in the execution of one anticipatory warrant of illegal drugs and its subsequent search warrant.  I hold a Bachelor's Degree in Civil Engineering from the University of Connecticut and a Master's Degree in Business Administration from the University of Colorado.  I have served in the Army National Guard in various capacities since September 2000, with eight deployments to southeast and southwest Asia and one stateside security mission.  My most recent position is that of Special Forces Company Sergeant Major, where I currently manage six operational detachments, a support cell, and one

training detachment.  I am a graduate of the Joint Special Operations Forces Senior Enlisted Academy.

2.      The statements made in this affidavit are made based on the personal observations and investigation conducted by your affiant, and information communicated or reported to your affiant during the investigation by other participants in the investigation.  In addition, the information contained herein does not include every fact known by your affiant. Rather, I have set forth only those facts which provide probable cause for the requested warrants.

3.      I make this affidavit in support of applications for two warrants to be executed in connection with a proposed controlled delivery of a parcel:

    a.  A tracking warrant authorizing the installation and use of a tracking sensor in the following package, currently in the custody of HSI Hartford, Connecticut:  a yellow cardboard box bearing DHL waybill 4848764105 that is addressed to "AMERIPAK LLC" at 105-D[1] Old Windsor Road, Bloomfield, Connecticut 06002 with the sender identified as "Jorge Alberto PEREZ" with an address of Av Vallarta 4831, Guadalajara, Prados Vallarta, 45020, Mexico, with DHL waybill 4848754105, which contains a Swedish HP Model #RLB2265M water pump (hereinafter, the "TARGET PACKAGE").

    b.  An anticipatory search and seizure warrant to enter: AmeriPak LLC, 105 Old Windsor Road, Bloomfield, Connecticut 06002 (hereinafter, the "TARGET PREMISES") and to search for and seize fruits, evidence and/or

---

[1] The "D" portion of this address is believed to denote the "delivery door" for the address.

instrumentalities of the specified federal offenses to wit; 21 U.S.C. §§ 841(a)(1), 844, 846, and 952 (hereinafter, the "TARGET OFFENSES"). This search warrant is subject to the following conditions precedent: That, the TARGET PACKAGE is accepted at and then taken inside the TARGET PREMISES and that a sensor located within the water pump chamber is triggered, indicating that the chamber is opened. As explained in more detail below, there is probable cause to believe that at the TARGET PREMISES at the time of the execution of the search warrant (upon satisfaction of the above stated conditions precedent), there will be the items, materials and objects described in Attachment B.

4.     Your affiant is aware through his training and experience that it is common practice for drug smugglers utilizing the mail or delivery services to use fictitious names or business names on the packages to insulate the true recipient from the scrutiny of law enforcement. Your affiant knows that individuals who engage in the import and distribution of controlled substances will often take measures to remain anonymous. One practice used to accomplish this includes providing business names and addresses on parcels that contain controlled substances. The actual recipient may be an employee at the business or an unknown individual that intercepts the undercover officer delivering the parcel in the street prior to the delivery of the parcel. And it is not uncommon for such parcels to be accepted at the mailing address by an employee and then taken to another location(s) to be opened.

5.     Your affiant is familiar with the TARGET OFFENSES, which make it a crime to import a controlled substance (21 U.S.C. § 952), possess with the intent to distribute a controlled substance (21 U.S.C. § 841(a)(1)), possess a controlled substance (21 U.S.C. § 844), and to

conspire commit the aforementioned offenses (21 U.S.C. § 846).

## BORDER SEARCH AUTHORITY

6.      Parcels arriving in the United States may go through customs before being delivered to their destinations.  To facilitate this process, Customs and Border Protection ("CBP") Officers are assigned to international mail and cargo facilities.  These CBP Officers conduct routine examinations of international parcels as they enter the United States before clearing them for delivery.

7.      Pursuant to Title 19, Code of Federal Regulations, Section 162.6, United States Customs Officers may conduct examinations of goods entering the United States without a search warrant, probable cause, or individualized suspicion to inspect items to verify the items specified in the Shipper's Export Declaration.  HSI Special Agents are granted this same authority, commonly known as "Border Search Authority."  This is codified under Title 19, Code of Federal Regulations, Section 162.6.

## PROBABLE CAUSE

8.      On September 29, 2022, a CBP officer at the port of Cincinnati, Ohio, targeted DHL waybill 4848754105 (the "TARGET PACKAGE") for a physical exam.  The shipment was manifested (described) by the sender as "WATER PUMP."  The listed recipient address was "AMERIPAK LLC" at 105-D Old Windsor Road, Bloomfield, Connecticut 06002 with the sender identified as "Jorge Alberto PEREZ" with an address of Av Vallarta 4831, Guadalajara, Prados Vallarta, 45020, Mexico, with DHL waybill 4848754105.

9.      Another CBP officer x-rayed the TARGET PACKAGE.  The x-ray detected anomalies within the shipment. The two CBP officers opened the TARGET PACKAGE and found

a Swedish HP Model #RLB2265M water pump, which they then disassembled.  Within the water

pump, CBP located a taped package containing blue pills in a chamber, shielded in a lead liner.

10.    Images of the water pump and its disassembly and contents are below:



*Water pump assembled*



*Water pump in disassembly, showing package containing pills in water pump chamber*



*Close-up of package containing pills within water pump chamber*

11.     CBP then tested a crushed pill utilizing BTNX Rapid Response Detection Strips, which is a field test used by CBP to make preliminary conclusions as to the identity of substances. The detection strips tested positive for the presence of fentanyl, a DEA schedule II drug.  CBP then weighed the package of fentanyl, which weighed approximately 1.03 kilograms.

12.     Because the package was destined for Connecticut, CBP referred the incident to this office for potential investigation and action.

## PROPOSED ENFORCEMENT ACTIVITY

13.     HSI agents will remove the fentanyl from the TARGET PACKAGE and will replace it with packing material and a small amount of fentanyl from the seized parcel.  His agents will also emplace a GPS tracking device and a sensor beacon into the TARGET PACKAGE, with the sensor beacon being placed inside the water pump chamber and the GPS tracking device installed into another location within the pump.  HSI agents will then oversee the delivery of the TARGET PACKAGE, containing the small amount of fentanyl and GPS and sensor devices, to the TARGET PREMISES.  HSI agents will maintain constant surveillance of the TARGET PREMISES, including through GPS monitoring described below, to track the location of the TARGET PACKAGE, and sensor monitoring, to alert HSI agents that the water pump chamber is opened.

14.     If the TARGET PACKAGE is moved from the TARGET PREMISES to another location prior to notification from the sensor beacon that the water pump chamber is opened, HSI agents will follow the TARGET PACKAGE to its destination and, as needed, apply for another anticipatory search warrant or, if appropriate, conduct an investigative stop of the person or persons transporting the TARGET PACKAGE.

## GPS AND SENSOR BEACON REQUEST

15.     This Application seeks authorization to install, monitor, and use certain electronic

tracking and entry detection devices in the parcels as aids to physical surveillance to identify the person(s) responsible for the commission of the TARGET OFFENSES.

16.    Based upon my training and experience, and because it is difficult to determine precisely when the recipient or intended recipient will open the water pump chamber to retrieve the substance inside, this application seeks permission for law enforcement to install an entry detection or transponder device, also known as a "sensor beacon," and a GPS tracking device, within the TARGET PACKAGE.  Law enforcement will then deliver the TARGET PACKAGE with the substance contained inside along with the tracking devices and will use the devices to monitor the whereabouts and status of the parcel in question at all times, including those times when the package has entered private property.  The sensor beacon will also reveal if, and when, the water pump chamber is opened.

17.    These devices are transmitters only and will not monitor voice conversations.  The sensor beacon will emit a signal when the water pump chamber is opened, which will alert law enforcement as to the moment the water pump chamber is opened.  Because law enforcement expects that the TARGET PACKAGE will be taken into the TARGET PREMISES and possibly moved to a private residence when the parcel is accepted, authority is sought to monitor the signals of the transponder in private areas, such as buildings, residences and other like closed structures, which are not public.

18.    At this time, law enforcement does not know the ultimate destination of the parcel. Thus, this application seeks permission for law enforcement to install a GPS tracking device within the TARGET PACKAGE.  Law enforcement will then deliver the parcel with the substance contained inside along with the GPS and will use the GPS to monitor the whereabouts of the TARGET PACKAGE in question at all times, including those times when the package has entered

the TARGET PREMISES or other private property, including at its ultimate destination. The GPS device will allow law enforcement to follow the TARGET PACKAGE if the package is taken to another location.

## CONCLUSION

19.     Based on the facts set forth above, your affiant believes probable cause exists for an anticipatory search warrant to enter the TARGET PREMISES and to search for and seize fruits, evidence and/or instrumentalities of the TARGET OFFENSES, following both (1) a successful controlled delivery of the TARGET PACKAGE to the TARGET PREMISES; and (2) the TARGET PACKAGE being taken inside the TARGET PREMISES and the sensor beacon indicating that the water pump chamber containing the suspected fentanyl has been accessed by someone. Upon satisfaction of the outlined conditions precedent, there is probable cause to believe that inside the TARGET PREMISES, at the time of the execution of the search warrant, there will be the items, materials and objects described in Attachment B which will constitute evidence of the TARGET OFFENSES and of the individual(s) suspected to be involved in committing them.

20.     Accordingly, I respectfully request that the Court issue:

    a.  An order permitting law enforcement to monitor, in private areas, the signals emitted by a sensor beacon and GPS tracker within the TARGET PACKAGE, which will be installed in the TARGET PACKAGE in a way that will alert law enforcement when the water pump chamber is opened and to track the location of the package, respectively;

    b.  An anticipatory search warrant of the TARGET PREMISES.

21.     I further submit that, because the final destination of the package may not be determined until after business hours, and because the contents of the package risk being destroyed

once the final recipient identifies the beacon sensor and/or GPS tracker, good cause exists to execute this warrant anytime day or night.

22.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,

RYAN D MARTIN   Digitally signed by RYAN D MARTIN
Date: 2022.10.05 10:34:04 -04'00'

Ryan D. Martin
Special Agent
Homeland Security Investigations

Sworn and subscribed to before me by
telephone on October 5, 2022.

HON. ROBERT A. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

10

## ATTACHMENT A

## DESCRIPTION OF THINGS TO BE SEARCHED

***TARGET PREMISES***

AMERIPAK, LLC
105 Old Windsor Road
Bloomfield, Connecticut 06002

Including all outbuildings and appurtenances thereto
In the County of Hartford
In the Judicial District of Connecticut

***PREMISES PHYSICAL DESCRIPTION***

The premises is a single-story structure with tan metal siding.  There is a single door facing the parking lot with a sign above it that reads "AmeriPak" in red and blue letters.  At the south end of the building, there are two garage doors, one with a loading dock, and two personnel doors:



1

### PREMISES PHYSICAL LOCATION

The premises is the southern-most business (farthest from the entrance) located in the plaza at 107 and 105 Old Windsor Road.  Other businesses in the plaza include Club Fitness, Berry Law, PDS Engineering & Construction, Inc., and FeMan Steel.



### VEHICLES

Vehicle owned and/or operated by the individual identified as the receiver of DHL waybill 4848754105 (TARGET PACKAGE), if the vehicle is located in the parking lot of the plaza at 105 and 107 Old Windsor Road, Bloomfield, Connecticut 06002.

**ATTACHMENT B**

**DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED**

Evidence and/or instrumentalities of the specified federal offenses to wit; 21 U.S.C. §§ 841(a)(1) (possession with intent to distribute controlled substance), 844 (possession of a controlled substance), 846 (conspiracy), and 952 (illegal importation of controlled substances) (hereinafter, the "TARGET OFFENSES"), including:

1. Any USPS/DHL/mailed parcels and their contents that are within the reasonable control or close proximity to the individual(s) believed to have accessed the water pump chamber of the TARGET PACKAGE;
2. Any USPS/DHL/mailed records or records related to shipping by private carriers, that are within the reasonable control or close proximity to the individual(s) believed to have accessed the water pump chamber of the TARGET PACKAGE;
3. Any computer equipment or digital devices that are capable of being used to commit or further the TARGET OFFENSES referenced above, to the extent the equipment or devices are within the reasonable control or close proximity to the individual(s) believed to have accessed the water pump chamber of the TARGET PACKAGE, including devices that can be used to access the internet to track USPS/DHL packages or to create, access, or store evidence, contraband, fruits, or instrumentalities of such crimes, including central processing units, laptop or notebook computers, personal digital assistants, wireless communication devices including paging devices and cellular telephones, drives intended for removable media, and related communication devices such as modems, routers, and storage media;
4. Any ledgers or receipts associated with incoming or outgoing USPS/DHL/mailed shipments;
5. A yellow cardboard box bearing DHL waybill 4848764105 that is addressed to "AMERIPAK LLC" at 105-D Old Windsor Road, Bloomfield, Connecticut 06002 with the sender identified as "Jorge Alberto PEREZ" with an address of Av Vallarta 4831, Guadalajara, Prados Vallarta, 45020, Mexico, with DHL waybill 4848754105, which contains a Swedish HP Model #RLB2265M water pump (the "TARGET PACKAGE");
6. United States currency, precious metals, jewelry, and financial instruments, including stocks and bonds;
7. Photographs, including still photos, negatives, video tapes, films, undeveloped film and the contents therein, slides, in particular photographs of co-conspirators, of assets and/or controlled dangerous substances;
8. Address and/or telephone books, Rolodex indices, electronic organizers, and papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers and/or telex numbers of co-conspirators, sources of supply, customers, financial institutions, and other individuals or businesses with whom a financial relationship exist;
9. Controlled dangerous substances and related paraphernalia; and
10. Records relating to banking activity to include bank and credit card statements, check registers, deposit and withdrawal slips ATM receipts, cancelled checks, certificates of deposit, notes, account applications, money drafts, letters of credit, money orders, cashiers' checks and receipts for same, bank checks, safety deposit slips, stock certificates, bonds,

bearer instruments, money market account statements, letters of credit, wire transfers, and bank reconciliations, which may be related to the TARGET OFFENSES.

The above list is conditioned upon any of the above-described property constituting evidence of the commission of the TARGET OFFENSES, contraband, the fruits of crime, or things otherwise criminally possessed, and/or is property designed or intended for use or which is or had been used as a means of committing the TARGET OFFENSES. This authorization is not intended to allow for search or seizure of business equipment or records not suspected to be evidence, fruits, or instrumentalities of the TARGET OFFENSES.